J-A12043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CLAUDE DE BOTTON, NEWTON SQUARE EAST, L.P., NATIONAL DEVELOPERS, INC. AND NEWTON G.P., LLC,<br><br>    Appellees<br><br>    v.<br><br>MARC B. KAPLIN, ESQUIRE, BARBARA ANISKO, ESQUIRE AND PAMELA M. TOBIN, ESQUIRE, KAPLIN STEWART MELOFF REITER & STEIN, P.C., BPG REAL ESTATE INVESTORS-STRAW PA., CAMPUS INVESTORS OFFICE B, L.P., CAMPUS INVESTORS 25, L.P., CAMPUS INVESTORS I BUILDING, L.P., CAMPUS INVESTORS H BUILDING, L.P., CAMPUS INVESTORS D BUILDING, L.P., CAMPUS INVESTORS COTTAGES, L.P., CAMPUS INVESTORS OFFICE 2B, L.P., ELLIS PRESERVE OWNERS ASSOCIATION, KELLY PRESERVE OWNERS ASSOCIATION, COTTAGES AT ELLIS OWNERS ASSOCIATION, GENBAR/MANAGEMENT CAMPUS, LLC, BERWIND PROPERTY GROUP, LTD., EXECUTIVE BENEFIT PARTNERSHIP CAMPUS, MANAGEMENT PARTNERSHIP BENEFIT, L.P. AND ELLIS ACQUISITION, L.P.<br><br>APPEAL OF:  KAPLIN STEWART MELOFF REITER & STEIN, P.C., MARC B. KAPLIN, ESQUIRE, BARBARA ANISKO, ESQUIRE AND PAMELA M. TOBIN, ESQUIRE | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>No. 1270 EDA 2015 |

Appeal from the Order April 2, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): No. 101001997

================================================

CLAUDE DE BOTTON, NEWTON SQUARE EAST, L.P., NATIONAL DEVELOPERS, INC. AND NEWTON G.P., LLC,

          Appellees

          v.

MARC B. KAPLIN, ESQUIRE, BARBARA ANISKO, ESQUIRE AND PAMELA M. TOBIN, ESQUIRE, KAPLIN STEWART MELOFF REITER & STEIN, P.C., BPG REAL ESTATE INVESTORS - STRAW PA., CAMPUS INVESTORS OFFICE B, L.P., CAMPUS INVESTORS 25, L.P., CAMPUS INVESTORS I BUILDING, L.P., CAMPUS INVESTORS H BUILDING, L.P., CAMPUS INVESTORS D BUILDING, L.P., CAMPUS INVESTORS COTTAGES, L.P., CAMPUS INVESTORS OFFICE 2B, L.P., ELLIS PRESERVE OWNERS ASSOCIATION, KELLY PRESERVE OWNERS ASSOCIATION, COTTAGES AT ELLIS OWNERS ASSOCIATION, GENBAR/ MANAGEMENT CAMPUS, LLC, BERWIND PROPERTY GROUP, LTD., EXECUTIVE BENEFIT PARTNERSHIP CAMPUS, MANAGEMENT PARTNERSHIP BENEFIT, L.P. AND ELLIS ACQUISITION, L.P.

APPEAL OF: BPG REAL ESTATE INVESTORS-STRAW PA., CAMPUS INVESTORS OFFICE B, L.P., CAMPUS INVESTORS 25, L.P., CAMPUS INVESTORS 1 BUILDING, L.P., CAMPUS INVESTORS H BUILDING, L.P., CAMPUS INVESTORS D BUILDING, L.P., CAMPUS INVESTORS COTTAGES, L.P., CAMPUS INVESTORS OFFICE 2B, L.P., ELLIS PRESERVE OWNERS ASSOCIATION, KELLY PRESERVE OWNERS ASSOCIATION, COTTAGES AT ELLIS OWNERS ASSOCIATION, BENBAR/MANAGEMENT CAMPUS, LLC,

IN THE SUPERIOR COURT OF PENNSYLVANIA

No. 1301 EDA 2015

J-A12043-16

BERWIND PROPERTY GROUP, LTD.,
EXECUTIVE BENEFIT PARTNERSHIP
CAMPUS, MANAGEMENT PARTNERSHIP
BENEFIT, L.P. AND ELLIS ACQUISITION,
L.P.

Appeal from the Order April 2, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 101001997

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

CONCURRING MEMORANDUM BY STEVENS, P.J.E.:**FILED FEBRUARY 03, 2017**

While I join the Majority's decision to vacate the trial court's order and remand for further proceedings, I note that because the instant appeals to this Court are based solely upon the Philadelphia County Court's April 2, 2015, discovery order, which does not address the issue of a stay, we are without jurisdiction to enter a stay in the Philadelphia County Court of Common Pleas.  ***See Commonwealth v. Simmons***, 565 A.2d 481, 484 (Pa.Super. 1989), *appeal denied*, 525 Pa. 598, 565 A.2d 481 (1990) (stating this Court does not have the power to review the work of an inferior tribunal, as on certiorari, where no statutory right of appeal exists and that the Judicial Code does not grant us any broad discretionary power of review). While Kaplin previously has asked the trial court for a stay of this matter, the request was denied in the trial court's Order of March 21, 2012.  There is no evidence of record that Kaplin currently is challenging or seeking permission to appeal the March 21, 2012, decision.  Accordingly, this Court's

*Former Justice specially assigned to the Superior Court.

- 3 -

jurisdiction is confined to a review of that discovery order, and this Court should refrain from discussing, recommending, or in any was giving direction to the trial court on the issue of a stay.

Judge Panella joins this concurring memorandum.

PJE Bender does not join this concurring memorandum.